KIMBLE CLAY & LIMESTONE, APPELLANT, *v.* McAVOY, DIRECTOR OF ENVIRONMENTAL PROTECTION, APPELLEE.

[Cite as Kimble Clay & Limestone, v. McAvoy (1979), 59 Ohio St. 2d 94.]

(No. 78-1352—Decided July 18, 1979.)

96

*Messrs. Smith, Renner, Hanbart, Miller & Kyler* and *Mr. Mark D. Frasure*, for appellant.

*Mr. William J. Brown*, attorney general, and *Mr. E. Dennis Muchnicki*, for appellee.

SWEENEY, J. The primary issue involved in this cause concerns interpretation of R. C. 3745.06 and 3745.08 as to whether appellant's appeal from the EBR's action should have been filed in a timely and proper statutory manner with the Court of Appeals for Franklin County instead of with the Tuscarawas County appellate court. Such determination depends on whether the appellee's action in denying appellant's initial request to operate a rock crusher constituted a denial of a permit or license, or whether such denial encompassed an appeal arising from an alleged violation of a law or regulation.

R. C. 3745.06 requires appeals from orders of the Environmental Board of Review to be brought before the Court of Appeals for Franklin County, while allowing appeals from verified complaint proceedings to be brought in the Court of Appeals for the district in which the violation is alleged to have occurred.

R. C. 3745.06 provides, in pertinent part, as follows:

"Any party adversely affected by an order of the environmental board of review may appeal to the court of appeals of Franklin County, or, if the appeal arises from an alleged violation of a law or regulation, to the court

of appeals of the district in which the violation was alleged to have occurred. * * *"

The first segment of the cited provision requires all appeals from the EBR to be taken to the Court of Appeals for Franklin County. The second segment of the above-cited provision creates an exception to the first segment, if an EBR order is based upon an "alleged violation" of a law or regulation. Therefore, we must determine the meaning of the "alleged violation" exception to the Franklin County appellate court's jurisdiction.

"* * * Where the meaning of a word or phrase in a statute is doubtful, but the meaning of the same word or phrase is clear where it is used elsewhere in the same act or an act to which the * * * doubtful word or phrase has reference, the word or phrase in the obscure clause will be held to mean the same thing as in the instances where the meaning is clear." *Raymond* v. *Cleveland* (1885), 42 Ohio St. 522, 529.

An examination of R. C. Chapter 3745 reveals that the phrase, "alleged violation" is used only once in R. C. 3745.-06 and three times in R. C. 3745.08. Consequently, the use of the phrase in R. C. 3745.06 must be construed with reference to its repeated use in R. C. 3745.08. Both sections concern the same subject matter, and were enacted contemporaneously on October 23, 1972. We must construe both sections *in pari materia*.

The appeal in this cause arises from a permit or licensing action rather than from a citizen or appropriate state official seeking enforcement to abate pollution by means of a verified complaint as set forth in R. C. 3745.08. Therefore, the party seeking the license or permit must find his remedy of appeal within the applicable provisions of R. C. 3745.06 . The denial of a permit or license, as in these circumstances, does not give rise to a "violation" as that term is clearly used in R. C. 3745.08. If the appellant in this cause would have initiated operations contrary to the permit or license denial, then subsequent action to enforce such denial would have been clearly within the provi-

98

sions of R. C. 3745.08 and the second segment of the first provision of R. C. 3745.06 which specifically addresses itself to "an alleged violation of a law or regulation." At such point in time, the jurisdiction of the Court of Appeals of the district in which the violation was alleged to have occurred would have been statutorily invoked. R. C. 3745.-08 supplements the above-cited second segment of the first provision in R. C. 3745.06 in explaining what is meant by the term "violation" or "alleged violation" as used in R. C. 3745.06 to invoke a local appellate court's jurisdiction.

The determination of appellee dealt with compliance standards prerequisite to the granting of a permit or license. Any violation proceedings would be subsequent, based upon violation of such denial. Only the appellant could create a "violation" or "alleged violation."

R. C. 3704.03(G) establishes the grounds for appellee's actions on applications for permits to operate sources of air contaminants. This section reads, in part, as follows:

"* * * Operating permits may be denied or revoked for *failure to comply* with Chapter 3704 of the Revised Code or the regulations adopted thereunder. The regulations shall require the issuance of an operating permit upon a showing satisfactory to the director or his representative, that the machine, equipment, device, apparatus, or physical facility is being operated *in compliance* with applicable emission standards and other regulations." (Emphasis added.)

This statutory provision concerning the issuance or denial of permits, as emphasized above, uses the words "comply" or "compliance," not "violate." Similarly, appellee director's denial states that:

"The Agency has determined that the Applicant is not in *compliance* with applicable laws, rules and regulations, pertaining to air pollution controls as is required by Section EP-32-02(C)(1) of The Air Pollution Regulations of the Agency." (Emphasis added.)

Appellee's denial speaks in terms of "compliance," and not "violation" or "alleged violation" which would be need-

ed to invoke those pertinent provisions of R. C. 3745.06 and 3745.08 granting jurisdiction to a local Court of Appeals.

This court can not logically construe "non-compliance," giving rise to a permit denial, as synonymous with "violation." Consequently, appellant's appeal remedy was with the Court of Appeals for Franklin County, as allowed by statute, and not with the Tuscarawas County appellate court.*

Where a statute confers the right of appeal, adherence to the conditions thereby imposed is essential to the enjoyment of the rights conferred. The party who seeks to exercise this right must comply with whatever terms the statutes of the state impose upon him as conditions to its enjoyment. *American Restaurant & Lunch Co.* v. *Glander* (1946), 147 Ohio St. 147, 150. An appeal is not always perfected by filing a timely notice of appeal with the tribunal from which the appeal is taken. All statutory requirements must be met which create the right of appeal. Appellant's contention herein that it need do no more to perfect its appeal than file a timely notice of appeal with the EBR is not well taken. In this cause we have a mandatory 30-day time limit within which to file notice of appeal, not only with the EBR but also with the Court of Appeals for Franklin County. As in *Todd* v. *Garnes* (1975), 44 Ohio St. 2d 56, the appellant herein failed to perfect an appeal upon one of the entities required by statute, *i. e.*, the Court of Appeals for Franklin County. Appellant's compliance with the requirements of the Ohio Rules of Appellate Procedure is irrelevant to an appeal brought pursuant to R. C. 3745.06, when required appellate procedures of that statute are not complied with.

The judgment of the Court of Appeals is, therefore, affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, LOCHER and HOLMES, JJ., concur.

---

*To the extent that the opinion in *Broadway Christian Church* v. *Republic Steel Corp.* (1976), 50 Ohio App. 2d 98, is inconsistent with this holding, that opinion may no longer be authoritatively relied upon.