[Cite as *Wallace v. Nally*, 2015-Ohio-497.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| DENNIS SCOTT WALLACE | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| DONALD L. VOS, | ) | |
| | ) | |
| APPELLANTS, | ) | CASE NO. 14 CO 35 |
| | ) | |
| V. | ) | OPINION |
| | ) | |
| SCOTT NALLY, DIRECTOR OF | ) | AND |
| ENVIRONMENTAL PROTECTION | ) | |
| | ) | JUDGMENT ENTRY |
| AND | ) | |
| | ) | |
| TERVITA, LLC., | ) | |
| | ) | |
| APPELLEES. | ) | |

CHARACTER OF PROCEEDINGS:    Administrative Appeal from
Environmental Review Appeals
Commission
Case Nos. ERAC 14-156806, ERAC 14-416807

JUDGMENT:    Dismissed

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: January 28, 2015

APPEARANCES:

For Appellee                                  Attorney Leslie G. Wolfe
Tervita, LLC                                  Walter/Haverfield LLP
                                              1301 E. 9th Street, Suite 3500
                                              Cleveland, Ohio 44144

For Appellee                                  Attorney George Horvath
Scott Nally                                   Assistant Attorney General
                                              Environmental Enforcement Section
                                              30 East Broad Street, 25th Floor
                                              Columbus, Ohio 43215

For Appellants                                Donald L. Vos, Pro-se
                                              39916 Hazel Run Road
                                              Hammondsville, Ohio 43930

PER CURIAM

{¶1}    Appellants Donald L. Vos and Dennis Scott Wallace appeal to this court after the Environmental Review Appeals Commission (ERAC) dismissed their appeal from the decision of the Director of the Ohio Environmental Protection Agency (EPA) renewing an annual permit for the Columbiana County landfill facility owned by appellee Tervita, L.L.C.   Pursuant to R.C. 3745.06 and Ohio Supreme Court precedent, this court only has jurisdiction to hear an ERAC appeal arising from a verified complaint alleging a violation under R.C. 3745.08.   This court thus lacks jurisdiction to hear an ERAC appeal involving the mere grant of a permit.   Rather, such appeal could only be filed in the Tenth District Court of Appeals.   In accordance, this appeal is dismissed.

## STATEMENT OF THE CASE

{¶2}    Appellee Tervita's Penn-Ohio Landfill Facility is located in Negley, Ohio. The landfill has not accepted debris since early 2010 but maintains its operating license (or permit) with the Ohio Environmental Protection Agency.  In September of 2013, Tervita applied for renewal of its annual license, submitting an annual groundwater quality report, laboratory results, and trend plots.  An inspection of the facility was thereafter conducted by the Ohio EPA.

{¶3}    On December 24, 2013, the Ohio EPA Director issued to Tervita its 2014 Construction and Demolition Debris Facility License.   The permit contained special conditions that appear to have first been added in a prior permit, dealing with leachate, drainage, subsurface investigations, and groundwater monitoring.

{¶4}    On January 21, 2014, appellants filed in the Environmental Review Appeals Commission an appeal of the Director's decision to grant the 2014 license to Tervita, resulting in ERAC Numbers 14-156806 and 14-416807.   (The Commission assigned a case number to each appellant, but the case was thereafter considered to be docketed as a single action.)   Appellants' notice of appeal (as amended) before the Commission stated in pertinent part that the Director should not have granted the

2014 permit because: there was still an appeal pending from the 2013 permit;[1] the facility accepted "Blood and Body Parts from New York 911;" and, three streams around the facility are class three streams. They also asserted that the Director acted in collusion with Tervita by granting the 2014 permit and asked that the facility be converted to a cemetery (for the World Trade Center victims).

{¶5} Tervita served each appellant with requests for admissions on April 11, 2014. No responses were provided by appellants within twenty-eight days (as required by rule) or at any time thereafter. On June 23, 2014, Tervita filed a motion for summary judgment stating that appellants had no evidence to support their case. For instance, Tervita pointed out that appellants' World Trade Center debris theory was not pertinent to the subject matter of the appeal. It was also urged that, pursuant to O.A.C. 3746-6-05, appellants were deemed to have admitted that Tervita complied with the law and the license due their failure to respond to Tervita's request for admissions on the facility's compliance.

{¶6} Appellants' June 27 response merely stated that they were entitled to discovery in order to prove the theory that blood and body parts entered the facility. And, they claimed that an assistant attorney general instigated their theory by asking questions about it at a prior hearing.

{¶7} On July 23, 2014, the Commission granted summary judgment against appellants due to their failure to respond to requests for admissions, the lack of explanation as to why they failed to respond, and the continued failure to respond. Thus, appellants' challenge to the Director's issuance of Tervita's 2014 license failed.

### 14CO35 VERSUS 14CO32

{¶8} Appellants filed a notice of appeal from that decision to this court on August 18, 2014, resulting in the present appeal, 7th Dist. No. 14CO35. Appellants filed their brief on September 15, 2014. In it, they do not contest the summary judgment itself or mention the admissions. Rather, in three related assignments of

---

[1] Appellants claimed that the 2013 permit was on appeal in ERAC Number 13-156747. However, that case number represents the appeal of the Director's decision on the verified complaints filed by appellant Wallace, and it is not an appeal from the granting of a permit.

error, they take issue with the Commission's denial of their request for discovery of documents showing all material entering the facility in order to prove their theory that World Trade Center debris (including "blood and body parts") was buried at the facility. *See* Commission's May 13, 2014 order denying appellants' April 21, 2014 motion; Commission's May 27, 2014 denial of reconsideration of its May 13, 2014 order. *See also* Appellants' March 12, 2014 and May 22, 104 motions (all involving these discovery requests).

{¶9} These same arguments are presented in a brief filed in the pending appeal *Wallace v. Nally*, 7th Dist. No. 13CO32. Mr. Wallace is the only appellant in that case, which is an appeal from the Commission's decision in ERAC Number 13-156747, wherein the Commission dismissed the appeal on the grounds of failure to prosecute.

{¶10} Importantly, that administrative appeal was taken from the Director's decision dismissing Wallace's three verified complaints, which alleged various violations by the facility due to claimed discharges into waterways. That action thus arose by way of R.C. 3745.08, which allows an officer of an agency of the state or any person who is or will be adversely affected by a violation to file a verified complaint alleging that another has or will violate a law, rule, standard, or license condition. R.C. 3745.06(A). *See also* R.C. 3745.08(B) (Upon receipt of a verified complaint, the Director shall cause a prompt investigation to be conducted such as is reasonably necessary to determine whether a violation, as alleged, has occurred, is occurring, or will occur).

{¶11} An interlocutory appeal of a discovery order had been filed from ERAC Number 13-156747 as well. In dismissing that appeal for lack of a final order, this court indicated that the appeal was filed in the correct court, just at an improper time in the case as a final order had not yet been entered. *See Wallace v. Nally*, 7th Dist. No. 14CO2 (Mar. 6, 2014 Judgment Entry clarifying that prior February 6, 2014 Judgment Entry of dismissal was for lack of a final order). And as aforementioned, the final decision in ERAC Number 13-156747 is now on appeal in 7th Dist. No.

13CO32.

**{¶12}** However, the present appeal to this court from ERAC Numbers 14-156806 and 14-416807 poses a different scenario. This case did not arise from the filing of a verified complaint as did ERAC Number 13-156747 (which is on appeal in 7th Dist. No. 14CO32). Rather, this appeal arose from the renewal of an annual permit. Thus, the October 16, 2014 brief of Tervita and the November 4, 2014 brief of the Ohio EPA Director ask this court to dismiss the present appeal on the grounds that this court lacks jurisdiction from the appeal of a permit.

JURISDICTION LIES ONLY IN THE TENTH DISTRICT

**{¶13}** "Any party adversely affected by an order of the environmental review appeals commission may appeal to the court of appeals of Franklin county, or, if the appeal arises from an alleged violation of a law or regulation, to the court of appeals of the district in which the violation was alleged to have occurred." R.C. 3745.06. It has been explained that this statutory jurisdictional provision has two segments: the first segment sets forth the general rule that ERAC appeals must be filed in the Franklin County Court of Appeals; and the second segment provides the exception if the "order is based upon an 'alleged violation' of a law or regulation." *Kimble Clay & Limestone v. Williams*, 59 Ohio St.2d 94, 97, 391 N.E.2d 1030 (1979).[2]

**{¶14}** The court of appeals for Franklin County is the Tenth District, and Franklin is the only county in that district. Under the first segment of R.C. 3745.06, the Tenth District regularly hears appeals from ERAC's upholding of the Ohio EPA Director's granting of a permit to a facility located outside of that court's district. *See, e.g., Citizens Against American Landfill Expansion v. Koncelik*, 10th Dist. Nos. 12AP-741, 12AP-743, 12AP-744, 12AP-742, 2014-Ohio-123, 9 N.E.3d 386 (citizens' group representing neighbors of a Stark County landfill alleged leachate problems in appealing the grant of a permit for vertical and horizontal expansion of the landfill

---

[2]The *pertinent* statutory language at the time *Kimble* was decided, which is the same as the pertinent language of the current statute, provided: "Any party adversely affected by an order of the environmental board of review may appeal to the court of appeals of Franklin county, or, if the appeal arises from an alleged violation of a law or regulation, to the court of appeals of the district in which the violation was alleged to have occurred." Former R.C. 3745.06.

over mine spoils); *Spencer v. Korleski*, 10th Dist. No. 08AP-1060, 2009-Ohio-4308 (resident alleged past non-compliance with laws in appealing renewal of permit of Columbiana County hazardous waste facility); *Stark-Tuscarawas-Wayne Joint Solid Waste Mgt. Dist. v. Republic Waste Servs. of Ohio*, *II, L.L.C.*, 10th Dist. No. 07AP-599, 2009-Ohio-2143 (raising compliance issues while appealing the grant of a permit for expansion of a Stark County solid waste landfill). *See also Club 3000 v. Jones*, 10th Dist. Nos. 07AP-593, 07AP-598, 07AP-599, 2008-Ohio-5058; *Concerned Citizens of Cent. Ohio v. Schregardus*, 148 Ohio App.3d 31, 2002-Ohio-1074, 771 N.E.2d 898 (10th Dist.); *Save the Lake v. Schregardus*, 141 Ohio App.3d 530, 752 N.E.2d 295 (10th Dist.2001).

{¶15} In the Supreme Court's *Kimble Clay & Limestone* case, the Ohio EPA Director denied the appellant's application for a permit to operate a facility in Tuscarawas County. The Director refused a request for a hearing on the denial, and the appellant appealed to the Environmental Board of Review (nka Environmental Review Appeals Commission), which body then affirmed the Director's decision. "[The] appellant appealed from the EBR's action affirming the Director's denial of the requested license or permit to the Court of Appeals for Tuscarawas County." *Kimble Clay & Limestone v. Williams*, 59 Ohio St.2d at 95.

{¶16} The Director filed a motion to dismiss the appeal, alleging that the appeal should have been filed in the Tenth rather than the Fifth District because the appeal arose from a permit denial proceeding and not from an enforcement proceeding. *Id.* at 96. The Fifth District agreed that the appeal was filed in the wrong appellate court and filed a judgment entry transferring the case to the Tenth District. *Id.*

{¶17} However, the Tenth District dismissed the transferred case on the grounds that the notice of appeal had not been filed *in the Tenth District* in a timely manner as required by R.C. 3745.06. That is, the Tenth District found that its jurisdiction had not been invoked as the notice of appeal was not filed with the correct court within the timelines of the statute and rejected any argument that the

transfer from the Fifth District could accomplish the statutory requirement that the notice of appeal be timely filed with the court of appeals for Franklin County. *Kimble Clay & Limestone v. Williams*, 10th Dist. No. 78AP-320 (Aug. 29, 1978). On review, the Ohio Supreme Court explained:

> The primary issue involved in this cause concerns interpretation of R.C. 3745.06 and 3745.08 as to whether appellant's appeal from the EBR's action should have been filed in a timely and proper statutory manner with the Court of Appeals for Franklin County instead of with the Tuscarawas County appellate court. Such determination depends on whether the appellee's action in denying appellant's initial request to operate a rock crusher constituted a denial of a permit or license, or whether such denial encompassed an appeal arising from an alleged violation of a law or regulation.
>
> *R.C. 3745.06 requires appeals from orders of the Environmental Board of Review to be brought before the Court of Appeals for Franklin County, while allowing appeals from verified complaint proceedings to be brought in the Court of Appeals for the district in which the violation is alleged to have occurred.*

(Emphasis added.) *Kimble Clay & Limestone,* 59 Ohio St.2d at 96.

{¶18} In setting forth its reasoning, the Supreme Court analyzed the meaning of an "alleged violation" as required for invocation of the exception to the Franklin County appellate court's jurisdiction. *The Court concluded that in order to invoke a local appellate court's jurisdiction under the second segment of R.C. 3745.06, the proceeding must have originated from an enforcement proceeding initiated by a verified complaint filed under R.C. 3745.08. Id.* at 97-98

{¶19} "R.C. 3745.08 supplements the above-cited second segment of the first provision in R.C. 3745.06 in explaining what is meant by the term 'violation' or 'alleged violation' as used in R.C. 3745.06 to invoke a local appellate court's

jurisdiction." *Id.* at 98. The Director's determination dealing with "compliance standards prerequisite to the granting of a permit or license" is distinct from enforcement proceedings emanating from a verified complaint's allegation of a violation. *Id.* (a lack of compliance with standards for issuing a permit is different than a "violation" which anticipates the filing of a verified complaint).

**{¶20}** The Supreme Court rejected the appellant's contention that the timely filing of the notice of appeal with the administrative board was sufficient and stated that the statute provided a mandatory thirty-day time limit within which to file notice of appeal, not only with the board but also with *the Court of Appeals for Franklin County. Id.* at 99. "Where a statute confers the right of appeal, adherence to the conditions thereby imposed is essential to the enjoyment of the rights conferred. The party who seeks to exercise this right must comply with whatever terms the statutes of the state impose upon him as conditions to its enjoyment." *Id.* ("All statutory requirements must be met which create the right of appeal"). The Court thus affirmed the Tenth District's dismissal of the appeal (that had been transferred from the Fifth District where the appeal would have been timely filed if permitted to be filed in that court). *Id.*

**{¶21}** The appeal before us originated from ERAC Numbers 14-156806 and 14-416807, which represented appellants' appeal from the renewal of Tervita's annual license. This appeal did not originate from enforcement proceedings initiated by a verified complaint under R.C. 3745.08. *Compare Wallace v. Nally*, 7th Dist. No. 14CO32 (pending); *Yost v. Jones*, 4th Dist. No. 01CA667 (Jan. 14, 2002) (accepting appeal arising from verified complaint appellant filed with Ohio EPA Director alleging violations of environmental law by hog facility {but then finding lack of standing}).

**{¶22}** Thus, the second segment of R.C. 3745.06 for invoking a local appellate court's jurisdiction is not implicated in this case. "**An appeal from the order of the Environmental Board of Review in a permit or licensing proceeding must be filed in a timely and proper manner with the Court of Appeals for Franklin County** and as otherwise prescribed by R.C. 3745.06." (Emphasis added.)

*Kimble Clay & Limestone,* 59 Ohio St.2d at ¶ 2 of syllabus.

{¶23} In conclusion, this court generally lacks jurisdiction over an appeal from an order of the Environmental Review Appeals Commission because R.C. 3745.06 requires such appeal to be brought before the Court of Appeals for Franklin County unless it is an appeal "from verified complaint proceedings" initiated under R.C. 3745.08, which latter appeal would be permitted to "be brought in the Court of Appeals for the district in which the violation is alleged to have occurred." *See id.* at 96. As this case is not an appeal from a verified complaint proceeding but is an appeal from the renewal of an annual permit, this court lacks jurisdiction over the appeal. Rather, any appeal would have been required to have been filed in Franklin County in a timely fashion. Accordingly, this appeal is dismissed due to appellants' inability to invoke this court's jurisdiction under R.C. 3745.06.

{¶24} Costs taxed against appellants.


Donofrio, P.J. concurs.

Waite, J. concurs.

DeGenaro, J. concurs.