OPINION
{¶ 1} This is an appeal from a denial of Appellant's two post conviction Petitions without evidentiary hearings, without appointment of counsel, without experts and without discovery.
 {¶ 2} The facts behind this appeal are stated at length in the prior appeal of State v. Gross (1999) CT96-055, 1999WL333233, Muskingum County, which are included by reference.
 {¶ 3} Suffice it to state that Appellant was convicted in 1996 of two counts of capital murder and four counts of aggravated robbery with a death sentence recommended by the jury and imposed by the Court.
 {¶ 4} While this Court affirmed the convictions and sentence in such prior appeal, the Ohio Supreme Court affirmed the convictions, vacated the death sentence and remanded for resentencing. The resentencing has not taken place.
 {¶ 5} There are eight Assignments of Error:
 {¶ 6} "Assignment of error no. I: The trial court issued inadequate findings of fact and conclusions of law in regard to tony gross' petitions for post-conviction relief.
 {¶ 7} "Assignment of error no. II: The actions of the trial court and post-conviction counsel deprived petitioner of his right to effective assistance of counsel.
 {¶ 8} "Assignment of error no. III: The trial court erred when it overruled petitioner's motions for funds to employ experts.
 {¶ 9} "Assignment of error IV. The trial court erred when it denied petitioner's post-conviction petitions without first affording him the opportunity to conduct discovery.
 {¶ 10} "Assignment of error V. The trial court erred when it ruled that petitioner's constitutional claims were barred by res judicata.
 {¶ 11} "Assignment of error VI. The trial court erred in denying the merits, or in the alternative factual development, as to the causes of actions contained in tony gross' first post-conviction petition.
 {¶ 12} "Assignment of error no. VII. The trial court erred in denying factual development for the causes of action contained in petitioner's pro se post-conviction petition.
 {¶ 13} "Assignment of error no. VIII. This court improperly denied petitioner's appointment of counsel in his appeal to this court."
 {¶ 14} We will address each of the eight Assignments of Error simultaneously as each are premature.
 {¶ 15} R.C. 2953.21(A)(1) and (2) provide:
 {¶ 16} "Petition for postconviction relief.
 {¶ 17} "(A)(1) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
 {¶ 18} "(2) A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or the date on which the trial transcript is filed in the supreme court if the direct appeal involves a sentence of death. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 19} Section (A)(1) provides that post conviction petitions shall be filed in the court that imposed sentence.
 {¶ 20} While the statute in subsection (A)(1) grants the right to file such petition to one convicted of a criminal offense, it fixes the jurisdiction in the court which imposed sentence.
 {¶ 21} Therefore, each Assignment of Error is premature and each is denied at this time and this appeal is dismissed.
Farmer, P.J. and Edwards, J., concur.