[Cite as *State v. Robinson*, 2020-Ohio-4470.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 109159 |
| v. | : | |
| GREGORY ROBINSON, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 17, 2020

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-03-445084-ZA

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Daniel T. Van, Assistant Prosecuting
Attorney, *for appellee.*

Gregory Robinson, *pro se.*

MARY J. BOYLE, P.J.:

{¶ 1} Defendant-appellant, Gregory Robinson, appeals the trial court's denial of his petition for postconviction relief. He raises one assignment of error for our review:

The trial court err[ed] when it denied defendant-appellant's post-conviction relief petition on October 4, 2019, where defendant-appellant's argument was based on subject matter jurisdiction and the requirements of Criminal Rule 3 not being satisfied due to the fact the case was dismissed.

{¶ 2} Finding no merit to his appeal, we affirm the trial court's judgment.

## I. Procedural History and Factual Background

{¶ 3} In 2004, Robinson was convicted of rape with force of a victim less than thirteen years old with a notice of prior conviction specification, gross sexual imposition (relative to a twelve-year-old victim), and two counts of compelling prostitution with a notice of prior conviction, sexual motivation, and sexually violent predator specifications. The trial court sentenced Robinson to a total of ten years in prison, including eight years for rape and two years each for the gross sexual imposition and compelling prostitution convictions, to be served concurrently to each other and consecutively to the sentence on the rape. Robinson was further labeled a sexual predator.

{¶ 4} In his direct appeal, this court affirmed Robinson's convictions but vacated the sexual motivation and sexually violent predator specifications related to the convictions for compelling prostitution. *State v. Robinson*, 8th Dist. Cuyahoga No. 85207, 2005-Ohio-5132, ¶ 51-53. This court also, sua sponte, found that Robinson should have been sentenced to a life term pursuant to R.C. 2907.02(A)(1)(b) because he was found guilty of rape with force of a victim under age 13. *Id.* at ¶ 27. We therefore vacated Robinson's sentence and remanded for resentencing. *Id.* Robinson appealed our judgment to the Ohio Supreme Court,

which did not accept the appeal. *State v. Robinson*, 108 Ohio St.3d 1488, 2006-Ohio-962, 843 N.E.2d 794.

{¶ 5} The trial court held a resentencing hearing and in May 2006, resentenced Robinson to life in prison without parole eligibility for 15 years for rape, two years for gross sexual imposition, and two years each for the compelling prostitution convictions. The trial court ordered that the sentences be served concurrently and that "post release control is part of this prison sentence for 5 years for the above felony(s)[.]" The trial court also again classified Robinson as a sexual predator.

{¶ 6} Meanwhile, in May 2006, Robinson simultaneously filed (1) a motion requesting the grand jury transcript so that he could prove that the prosecution introduced false evidence, (2) a motion to dismiss the indictment because the prosecution introduced false evidence, and (3) a motion to readjudicate his sex offender classification. The trial court denied all three motions.

{¶ 7} In July 2006, Robinson appealed from the trial court's May 2006 resentencing judgment. This court dismissed the appeal as untimely. *State v. Robinson*, 8th Dist. Cuyahoga No. 88473 (Sept. 18, 2006). Robinson filed a motion for delayed appeal in the same case number, and this court denied the motion for failing to comply with App.R. 5(A). *See State v. Robinson*, 8th Dist. Cuyahoga No. 85207, 2017-Ohio-951, ¶ 4.

{¶ 8} Between November 2006 and September 2019, Robinson filed, collectively in both the trial court and this court, 18 challenges to his convictions and

sentence. In September 2019, in his eighteenth challenge since 2006, Robinson filed another petition for postconviction relief and motion to vacate a void judgment, arguing that the trial court lacked subject matter jurisdiction and his convictions were void because no complaint was filed against him. The state filed an opposition, arguing that the petition was untimely and lacked merit because the charges against him were brought by indictment. Robinson filed a reply. The trial court denied Robinson's petition and motion to vacate a void judgment on October 4, 2019, without opinion. It is from this judgment that Robinson timely appeals.

## II.    Untimely and Successive Petition for Postconviction Relief

{¶ 9}    Robinson is appealing the trial court's judgment denying his petition for postconviction relief and motion to vacate a void judgment. The motion to vacate a void judgment is also a petition for postconviction relief under R.C. 2953.21(A)(1) because it (1) was filed subsequent to a direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for a vacation of the judgment and sentence. *State v. Reynolds*, 79 Ohio St.3d 158, 160-161, 679 N.E.2d 1131 (1997); *see also State v. Meincke*, 8th Dist. Cuyahoga No. 96407, 2011-Ohio-6473, ¶ 8.

{¶ 10}    R.C. 2953.21 through 2953.23 set forth how a convicted defendant may seek to have the trial court's judgment or sentence vacated or set aside pursuant to a petition for postconviction relief. A defendant's petition for postconviction relief is a collateral civil attack on his or her criminal conviction. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 48. The statute affords relief from

judgment where the petitioner's rights in the proceedings that resulted in his conviction were denied to such an extent the conviction is rendered void or voidable under the Ohio or United States Constitutions. R.C. 2953.21(A); *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph four of the syllabus. A postconviction petition, however, does not provide a petitioner a second opportunity to litigate the conviction. *State v. Hessler*, 10th Dist. Franklin No. 01AP-1011, 2002-Ohio-3321, ¶ 32.

{¶ 11} Typically, a reviewing court reviews a trial court's decision granting or denying a petition for postconviction relief for an abuse of discretion. *Gondor* at ¶ 58. However, whether the trial court possessed subject matter jurisdiction to entertain an untimely petition for postconviction relief is a question of law, which we review de novo. *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 24.

{¶ 12} R.C. 2953.21(A)(2) provides that a petition for postconviction relief must be filed within 365 days from the filing of the trial transcripts in the petitioner's direct appeal or, if a direct appeal was not pursued, 365 days after the expiration of the time in which a direct appeal could have been filed. Here, Robinson filed his petition approximately 14 years later. Thus, his petition is untimely. Furthermore, this is certainly not Robinson's first petition for postconviction relief in this case.

{¶ 13} Because the timeliness and successive-petition requirements of R.C. 2953.23 are jurisdictional, a trial court does not have jurisdiction to entertain an untimely or successive petition for postconviction relief that does not meet the

exceptions set forth in R.C. 2953.23(A)(1). *See State v. Kleyman*, 8th Dist. Cuyahoga No. 93896, 2010-Ohio-3612, ¶ 35.

{¶ 14} R.C. 2953.23(A)(1)(a) permits a trial court to entertain an untimely or successive petition only if:

> (1) the petitioner was unavoidably prevented from discovering the facts on which the petition is predicated, or (2) the United States Supreme Court has recognized a new federal or state right that applies retroactively to the petitioner and the petition asserts a claim based on that new right.

{¶ 15} If the petitioner can satisfy one of these threshold conditions, he or she must then demonstrate that, but for the constitutional error at trial, no reasonable factfinder would have found him or her guilty of the offenses of which he or she was convicted. R.C. 2953.23(A)(1)(b).

{¶ 16} Thus, unless it appears from the record that Robinson was unavoidably prevented from discovering the facts upon which he relied in his petition, or the United States Supreme Court has recognized a new federal or state right that applies retroactively to Robinson and, if one of those applies, that but for constitutional error at trial, no reasonable factfinder would have found Robinson guilty, we are bound to conclude the trial court was without jurisdiction to consider his petition for postconviction relief.

{¶ 17} In his sole assignment of error, Robinson maintains that the trial court lacked jurisdiction over his case because no complaint was ever filed against him. In doing so, however, Robinson does not allege, let alone establish, any of the requirements necessary to bring an untimely petition for postconviction relief.

Specifically, Robinson does not claim that he was unavoidably prevented from discovering facts upon which he relied in his petition or that the United States Supreme Court has recognized a new federal or state right that applies retroactively to him. Even if Robinson had met one of the threshold conditions, he does not claim that but for a constitutional error at trial, no reasonable factfinder would have found him guilty of the offenses of which he was convicted.

{¶ 18} Robinson argues that his petition is timely and that his convictions are void because the trial court lacked subject matter jurisdiction over his case. He relies on *State v. Davies*, 11th Dist. Ashtabula No. 2012-A-0034, 2013-Ohio-436, ¶ 12, for the proposition that, "[u]nder Ohio law, the state's submission of a valid criminal complaint is a necessary prerequisite for invoking the subject matter jurisdiction of a trial court." However, Crim.R. 7(A) provides that felonies shall be prosecuted by indictment. If charges against a defendant are brought by indictment, a lack of a complaint does not deprive a trial court of jurisdiction. *See State v. Green*, 5th Dist. Knox No. 15-CA-13, 2015-Ohio-4441, ¶ 9 (distinguishing *Davies* because the defendant in *Green* was not charged in a criminal complaint but indicted by a grand jury); *State v. Phillips,* 7th Dist. Mahoning No. 14 MA 34, 2014-Ohio-5309, ¶ 9 (rejecting defendant's argument that the trial court lacked subject matter jurisdiction because no complaint was filed against him because the defendant was charged by indictment).

{¶ 19} Here, the record shows both that a complaint was filed against Robinson in the municipal court and that Robinson was indicted in the common

pleas court. The record contains a copy of the November 23, 2003 complaint that was filed in the municipal court. The record reflects that on November 28, 2003, the case against Robinson was bound over from the municipal court to the common pleas court. The record contains a copy of the December 9, 2003 indictment against Robinson in the common pleas court. The trial court therefore was not deprived of subject matter jurisdiction over Robinson's case, Robinson's petition was untimely and successive, and the trial court lacked subject matter jurisdiction to entertain it.

{¶ 20} Accordingly, the trial court did not err in denying Robinson's petition for postconviction relief. Robinson's assignment of error is overruled.

{¶ 21} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, PRESIDING JUDGE

PATRICIA A. BLACKMON, J., and
KATHLEEN ANN KEOUGH, J., CONCUR