[Cite as *State v. Morton*, **2022-Ohio-2358.**]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 110946 |
| JEREMIAH D. MORTON, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** July 7, 2022

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-636658-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha L. Forchione, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Jonathan Sidney, Assistant Public Defender, *for appellant.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Defendant-appellant Jeremiah Morton appeals the denial of his petition for postconviction relief. He contends that the trial court erred in denying

his petition without making findings of fact and conclusions of law. For the reasons that follow, we reverse the trial court and remand for further proceedings.

**Procedural History and Factual Background**

{¶ 2} In 2019, following a jury trial, Morton was convicted of four counts of rape, one count of kidnapping with a sexual motivation specification and one count of aggravated burglary. He was sentenced to 20 years in prison. Morton appealed his convictions, arguing that he was denied the effective assistance of trial counsel because trial counsel (1) failed to object to various alleged acts of prosecutorial misconduct, attempts to inflame the jury and misstatements of law and facts during closing argument and (2) failed to properly cross-examine the state's witnesses. He also argued that the cumulative effect of the errors at trial deprived him of a fair trial. This court affirmed his convictions. *State v. Morton*, 8th Dist. Cuyahoga No. 109200, 2021-Ohio-581, *appeal not accepted*, 164 Ohio St.3d 1403, 2021-Ohio-2742, 172 N.E.3d 169. Although we recognize that Morton's convictions were affirmed, the petition for postconviction relief is a separate proceeding that needs to be addressed separately.

{¶ 3} On December 23, 2020, while his direct appeal was pending, Morton electronically filed a petition for postconviction relief in which he argued that he was denied "his Fourteenth Amendment right to due process" and the effective assistance of trial counsel because, although his trial counsel repeatedly referenced the body camera footage during the trial, trial counsel failed to show that body camera footage to the jury. Morton claimed that the body camera footage would

have "impeached [the victim's] account of what had occurred," "undermined the reliability of her account" and showed the jury that "the police * * * planted the seed that [Morton] raped the victim and * * * coerced her into saying she was raped." In support of his claims, Morton cited to the trial transcript. He did not submit any affidavits, the body camera footage or any other evidence in support of his petition.

{¶ 4} The petition was captioned for the criminal case in the Cuyahoga County Court of Common Pleas, i.e., Cuyahoga C.P. Case No. CR-19-636658-A (the "criminal case" or "CR-19-636658-A") and was *submitted* for electronic filing ("e-filing"), *accepted* for filing but was docketed under the case number for the pending appeal in this court — Appeal No. 109200, not the case number reflected in the caption. The state received a service copy on petition on December 23, 2020, through the court's e-filing system.[1]

{¶ 5} On December 26, 2020, Morton filed a "request for leave to file petition for postconviction relief" with the trial court, asserting that when filing the petition for postconviction relief using the court's e-filing system, "[t]he incorrect case number was filed [sic] and the [p]etition was filed under the [a]ppellate case number rather than the criminal case" and "was not received on the correct docket." Morton indicated that he had been "notified by the Clerk of Courts" of the error[2] and was "now requesting leave to file the petition on the correct docket."

---

[1] The Cuyahoga County Court of Common Pleas and this court use the same e-filing system.

[2] The Cuyahoga County Court of Common Pleas and this court have the same clerk of courts. It is unclear from the record how or when the clerk of courts notified Morton

{¶ 6} Contemporaneous to the filing of the request for leave to plead, Morton electronically refiled the petition for postconviction relief that had been previously e-filed and docketed on December 23, 2020 under Appeal No. 109200. On January 6, 2021, the trial court granted Morton's motion for leave to refile the petition for postconviction relief.

{¶ 7} A week later, the state filed a "motion for leave to file instanter state's motion to dismiss petition for postconviction relief" along with proposed findings of facts and conclusions of law. The state argued that Morton's petition should be dismissed without a hearing because it was untimely under R.C. 2953.21(A)(2) and did not "prove a substantive claim for relief." The trial court granted the state's motion for leave. On February 28, 2021, Morton filed a response to the state's motion. In his response, Morton reiterated his arguments that use of the body camera footage at trial would have "cast reasonable doubt" on the victim's trial testimony and provided "video evidence of police coercion" of the victim and that trial counsel's failure to "play the video for the jury" violated Morton's "due process rights."

{¶ 8} On October 1, 2021, the trial court summarily "denied" Morton's petition for postconviction relief.

{¶ 9} Morton appealed, raising the following sole assignment of error for review:

of the error. There is nothing in the record before us as to the mechanics of the e-filing process.

The trial court erred in dismissing Mr. Morton's petition for post-conviction relief without filing any findings of fact or conclusions of law with respect to the dismissal.

## Law and Analysis

{¶ 10} In his sole assignment of error, Morton argues that the trial court erred in denying his "timely" petition for postconviction relief without "mak[ing] and fil[ing] findings of fact and conclusions of law" explaining why it denied the petition, as required by R.C. 2953.21(D).

{¶ 11} Former R.C. 2953.21(A)(1)(a)[3] provides, in relevant part:

Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

{¶ 12} Where, as here, a conviction is appealed, a petition for postconviction relief must be filed within 365 days after the trial transcript is filed with the appellate court in the direct appeal unless an exception applies. Former R.C. 2953.21(A)(2) provides, in relevant part:

Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * * [.]

---

[3] R.C. 2953.21 was revised and renumbered effective April 12, 2021 — after the filing of Morton's petition. Accordingly, we reference the prior version of the statute here.

*See also* R.C. 2953.23(A) ("a court may not entertain a petition filed after the expiration of the period prescribed in [R.C. 2353.21(A)]" unless one of the exceptions set forth in R.C.2953.23(A)(1) or (2) applies).

{¶ 13} R.C. 2953.21(D) states that "[i]f the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal." *See also* R.C. 2953.21(H) ("If the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition."). However, a trial court has "no legal duty" to issue findings of fact and conclusions of law when dismissing or denying an untimely petition for postconviction relief. *See State v. Atahiya*, 8th Dist. Cuyahoga No. 109726, 2021-Ohio-1488, ¶ 25; *State ex rel. Harris v. Sutula*, 8th Dist. Cuyahoga No. 107662, 2018-Ohio-5045, ¶ 9, citing *State ex rel. Kimbrough v. Greene*, 98 Ohio St.3d 116, 2002-Ohio-7042, 781 N.E.2d 155, ¶ 6, and *State ex rel. Dillon v. Cottrill*, 145 Ohio St.3d 264, 2016-Ohio-626, 48 N.E.3d 552, ¶ 5.

{¶ 14} The timeliness requirement of R.C. 2953.21 is jurisdictional. *State v. Robinson*, 8th Dist. Cuyahoga No. 109159, 2020-Ohio-4470, ¶ 13; *State v. Jackson*, 8th Dist. Cuyahoga No. 100048, 2014-Ohio-1514, ¶ 19. Therefore, a trial court does not have jurisdiction to entertain an untimely filed petition for postconviction relief that does not meet the exceptions set forth in R.C. 2953.23(A). *State v. Medina*, 8th Dist. Cuyahoga No. 110726, 2022-Ohio-1070, ¶ 11-14; *State v. Kleyman*, 8th Dist. Cuyahoga No. 93896, 2010-Ohio-3612, ¶ 35.

{¶ 15} Morton does not contend that an exception set forth in R.C. 2953.23(A) applies. Accordingly, the only issue in this case is whether Morton's petition was timely under former R.C. 2953.21(A).

{¶ 16} In this case, the transcript was filed in Morton's direct appeal on December 24, 2019. The filing of Morton's petition for postconviction relief was docketed on December 23, 2020 in the appeal, Appeal No. 109200, and on December 26, 2020 in the criminal case, CR-19-636658-A. Actions undertaken unilaterally by the clerk of court.

{¶ 17} Morton argues that his petition was timely filed because it was filed on December 23, 2020, 365 days after the transcript was filed in his direct appeal,[4] and that the trial court was, therefore, required to issue findings of fact and conclusions of law under R.C. 2953.21(D) explaining why it denied his petition. Morton contends that the "timeliness requirement" under former R.C. 2953.21(A)(2) requires only "the petition 'shall be filed' within [365 days] from filing of the record — without specification in that subsection as to where it must be filed to be considered timely." He further contends that the "initial[] inadvertent[] fil[ing]" of his petition into his "appellate case file" did not preclude the trial court from considering his petition because the trial court thereafter granted his request "to re-file the petition that had been previously filed on December 23 into the correct docket."

---

[4] 2020 was a leap year.

{¶ 18} In response, the state asserts that former R.C. 2953.21(A)(2) read in conjunction with former R.C. 2953.21(A)(1)(a) requires that a petition for postconviction relief be filed in "the court that imposed sentence" no later than 365 days after the transcript is filed in the direct appeal and that because Morton's petition was not filed in the court that imposed sentence, i.e., the trial court, until December 26, 2020, Morton's petition for postconviction relief was untimely and the trial court lacked jurisdiction to consider his petition.

{¶ 19} Neither party has cited any case law addressing the specific situation presented in this case, i.e., where a petition for postconviction relief was filed 365 days after the transcript was filed in the direct appeal but was docketed under the wrong case number in the wrong court.

{¶ 20} Following a thorough review of the record, we find that, under the unique facts and circumstances of this case, Morton's petition for postconviction relief was timely filed and that the trial court, therefore, had jurisdiction to consider his petition.

{¶ 21} As a general matter, we note that courts have held (in the context of rejecting the prison mailbox rule) that "for purposes of R.C. 2953.21(A)(2), a postconviction petition is filed when it is filed with the clerk of courts." *See, e.g., State v. Smith*, 1st Dist. Hamilton No. C-190162, 2020-Ohio-1370, ¶ 11 (citing cases); *see also State v. Williams*, 157 Ohio App.3d 374, 377, 811 N.E.2d 561, 2004-Ohio-2857, ¶ 12 (8th Dist.) ("any document is considered filed when it is filed with the clerk of court").

{¶ 22} Morton's petition was captioned with the correct case number in the criminal case and electronically filed on December 23, 2020, 365 days after the transcript was filed in his direct appeal. Both this court and the trial court use the same e-filing system and have the same clerk of courts. The clerk of courts accepted Morton's petition for filing (rather than rejecting it and issuing a notice of rejection) and docketed it under Appeal No. 109200 — even though it had the caption and case number for the criminal case in the trial court. The state was served with a copy of the petition on December 23, 2020. Morton promptly sought leave and refiled the petition under the correct case number in the trial court upon being notified of the error. Accordingly, even though the petition was initially submitted for e-filing and docketed under the wrong case number in the wrong court, we find Morton's petition was timely filed with the clerk of courts for purposes of R.C. 2953.21(A) and that the trial court had jurisdiction to consider his petition. *Cf. Perry v. Baskey*, 90 Ohio App. 338, 340, 106 N.E.2d 790 (6th Dist.1951) (granting leave to amend caption of notice of appeal improperly captioned in the court of appeals and directing clerk of court to refile notice in common pleas court where, "through error or mistake of counsel," notice of appeal "was filed in the right church but in the wrong pew"), *aff'd*, 158 Ohio St. 151, 107 N.E.2d 328 (1952), paragraph one of the syllabus ("[W]here a notice of appeal from a judgment of the Court of Common Pleas to the Court of Appeals is inadvertently captioned 'In the Court of Appeals' and is timely filed with the clerk of courts, who functions as clerk of both such courts and who places the filing mark of the Court of Appeals on such notice, the Court of

Appeals, on motion, may properly, in the interests of substantial justice and where no real prejudice is apparent, order the clerk to refile such notice in the Court of Common Pleas as of the original filing date, and may thereafter proceed to hear and determine the appeal."); *State v. Hughes*, 4th Dist. Scioto No. 1937, 1991 Ohio App. LEXIS 6487, 4-5 (Dec. 24, 1991) (miscaptioned notice of appeal that was file-stamped in the court of appeals, rather than in the trial court, did not deprive appellate court of jurisdiction to hear appeal because "the clerk of each court of common pleas serves as the clerk for the court of appeals for all appellate cases originating from courts in that county" and "[w]hen appellant handed his notice of appeal to the clerk of courts, or one of her deputies, he handed the notice of appeal to a person who serves both as the clerk of the trial court and the clerk of the appellate court"); *In re Estate of Tague*, 33 Ohio App.3d 142, 143-144, 514 N.E.2d 910 (10th Dist.) (accepting properly labelled notice of appeal that was docketed by clerk of the general division of common pleas court instead of probate division, reasoning that because "the notice of appeal was clearly labelled as being in the probate division and bore the proper probate division case number, it was a clerical error for the clerk of the general division to file and docket the notice of appeal" and clerk of the probate division had certified the date notice of appeal was filed as the date it was filed in the general division).

{¶ 23} As Justice Donnelly wrote, in his concurring in judgment only opinion in *State ex rel. Penland v. Dinkelacker* 162 Ohio St.3d 59, 2020-Ohio-3774, 164 N.E.3d 336, ¶ 34, as to postconviction petitions that had been lost and were the

subject matter of a mandamus action that was denied, the fact that postconviction petitions "failed by getting crushed in the cogs of bureaucratic machinery instead of by rejection on their merits should be just as concerning * * *."

{¶ 24} The trial court, therefore, erred in denying Morton's petition for postconviction relief without issuing findings of fact and conclusions of law. *See* R.C. 2953.21(D), (H). Morton's assignment of error is sustained.

{¶ 25} Judgment reversed and case remanded for further proceedings.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

ANITA LASTER MAYS, J., CONCURS;
SEAN C. GALLAGHER, A.J., DISSENTS (WITH SEPARATE OPINION)


SEAN C. GALLAGHER, A.J., DISSENTING:

{¶ 26} I respectfully dissent. Morton contends that the "timeliness requirement" under former R.C. 2953.21(A)(2) requires only that "the petition 'shall be filed' within [365 days] from filing of the record — without specification in that subsection as to where it must be filed to be considered timely." However, Morton did not raise this argument until his reply brief. The sole assigned error in the merit

brief addresses only the lack of findings of facts and conclusions of law, which, as the majority notes, are unnecessary in this case given the belated nature of the petition. "Appellate courts generally will not consider a new issue presented for the first time in a reply brief." *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 18 (string citing cases); *State v. E.T.*, 2019-Ohio-1204, 134 N.E.3d 741, ¶ 62 (10th Dist.) (string citing cases).

{¶ 27} And even if we discarded our general rule and considered the new argument presented in the reply brief, preventing the state from presenting a response to the newly formed argument in violation of *State v. Tate*, 140 Ohio St.3d 442, 2014-Ohio-3667, 19 N.E.3d 888, ¶ 21, Morton's argument regarding the lack of specification as to the proper venue is misplaced. R.C. 2953.21(A) is unambiguous; a defendant challenging the deprivation of constitutional rights must file their petition for postconviction relief "in the court that imposed sentence" within the statutory time period. *State v. Gross*, 5th Dist. Muskingum No. CT2002-0037, 2003-Ohio-6295, ¶ 20 ("While the statute in subsection (A)(1) grants the right to file such petition to one convicted of a criminal offense, it fixes the jurisdiction in the court which imposed sentence."). As the majority concedes, complete compliance with R.C. 2953.21(A) is a jurisdictional prerequisite. *State v. Robinson*, 8th Dist. Cuyahoga No. 109159, 2020-Ohio-4470, ¶ 13; *State v. Jackson*, 8th Dist. Cuyahoga No. 100048, 2014-Ohio-1514, ¶ 19. "[A] petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition." *State v. Apanovitch*, 155 Ohio St.3d

358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 36; *State v. Mitchell*, 11th Dist. Portage No. 2019-P-0105, 2020-Ohio-3417, ¶ 62.

{¶ 28} If the petition for postconviction relief is not timely filed in the court that imposed sentence, that court is without jurisdiction to consider the merits of the petition or to grant additional time to file the petition. *See Apanovitch.* On this point alone, the trial court did not err.

{¶ 29} Instead of adhering to the unambiguous statutory language and the arguments presented for our review, the majority carves an exception to the jurisdictional prohibition, claiming that filing the petition in the wrong case is not fatal. There is no evidence, much less any argument from Morton, that the clerk of courts mis-docketed the petition. Instead, Morton concedes that the incorrect case number was used to electronically file ("E-file") the petition, although the document was captioned correctly. In other words, the petition was correctly docketed under the wrong case number, a case number provided by Morton to the clerk of courts. According to Morton in his motion for leave to file the belated petition, "On December 23, 2020, Petitioner filed his Petition for Post Conviction Relief through the electronic e-filing system. *The incorrect case number was filed* and the Petition was filed under the Appellate case rather than the criminal case." (Emphasis added.)

{¶ 30} Morton did not claim that the clerk of courts incorrectly docketed his petition in the appellate case number, but instead conceded that he filed the petition in the appellate case number in error and that he "was notified by the Clerk of Courts" of the need to file the petition on the correct docket. According to the time

stamp on the incorrect filing, however, Morton filed his petition in the appellate case number at 21:57 on December 23, 2020. Under Loc.R. 39.0(F)(3) of the Court of Common Pleas of Cuyahoga County, General Division, parties are on notice that "the clerk will perform a clerk review of the submission during normal business hours and will either accept or reject the submission." Unlike the general division's rule, Eighth District Loc.R. 13.1(B)(1) governing the appellate E-filing system does not provide the clerk any authority to reject filed documents containing discrepancies in the case numbers. Although our Loc.R. 13.1(B)(3) permits the use of a nunc pro tunc for E-file user errors as ordered by this court, the common pleas court's local rule does not contain the same provision. Morton did not invoke the rule to save his untimely filing, even if that could apply as between the different divisions of the clerk of courts subject to the differing local rules between the two courts.

{¶ 31} Contrary to the majority's assertion otherwise, neither of the Local Rules pertaining to E-filing includes a requirement to immediately notify counsel of the filing mistake on a document filed after hours on the brink of the jurisdictional deadline. There is nothing the clerk of courts could have done to save the filing deadline on Morton's behalf, and more importantly, Morton conceded that the clerk of courts in fact notified him of the discrepancy, which could only have occurred the day following the erroneous filing. In reviewing the calendar for December 2020, the filing deadline on the 23d was a Wednesday, with the following Thursday being the only day the clerk of courts was open during regular business hours given the holiday and upcoming weekend. Morton filed his petition with the trial court on the

morning of Saturday the 26th, notifying the trial court that the clerk had alerted Morton's counsel to the error. Despite having no local appellate rule requiring it to do so, the clerk of courts appeared to have undertaken an extraordinary effort to assist Morton and promptly notified Morton of the issues with his filing the next day of regular business hours. At that point, the deadline had already passed so that advisement was of no value.

{¶ 32} Even if we discarded all limits to our judicial review and presumed that there was a technical issue with the general division's E-file system that caused the document to be docketed in the wrong case number though initiated in the correct one, by rule those failures, "whether the fault of the system or otherwise," cannot extend jurisdictional deadlines. Loc.R. 39.0(H)(3)(a). All parties using the court's E-file system are aware of this limitation.

{¶ 33} It is undisputed that the petition was not timely filed "with the court that imposed sentence." R.C. 2953.21(A). It has long been held that filing jurisdictional documents in the wrong court does not preserve the claim. *Nibert v. Ohio Dept. of Rehab. & Corr.*, 84 Ohio St.3d 100, 100, 1998-Ohio-506, 702 N.E.2d 70, syllabus (filing the administrative appeal in the wrong county court did not preserve the claim since the filing in the correct court was untimely at the time the mistake was realized). When a right is conferred by statute that requires a jurisdictional filing, that right can "only be perfected in the mode prescribed by that statute." *Hartsock v. Chrysler Corp.*, 44 Ohio St.3d 171, 174, 541 N.E.2d 1037 (1989); *Kimble Clay & Limestone v. McAvoy*, 59 Ohio St.2d 94, 99, 391 N.E.2d 1030

(1979) ("The party who seeks to exercise this right must comply with whatever terms the statutes of the state impose upon him as conditions to its enjoyment."), citing *Am. Restaurant & Lunch Co. v. Glander*, 147 Ohio St. 147, 150, 70 N.E. 2d 93 (1946); *Orr v. Harris*, 8th Dist. Cuyahoga No. 107658, 2018-Ohio-4798, ¶ 8 (R.C. 2725.03 requires a writ of habeas corpus to be filed in the county in which the institution is located, and erroneously filing in the wrong court is fatal and cannot be corrected through transferring the time-sensitive filing). In this case, the legislature requires the petition for postconviction relief to be filed in the court that imposed the sentence, not with the appellate court. *See Thompson v. Knobeloch*, 10th Dist. Franklin No. 16AP-809, 2017-Ohio-66, ¶ 2 (filing notice of appeal with the appellate court instead of the trial court deprives the appellate court of jurisdiction to review the assigned errors).

{¶ 34} Further, even if I were inclined to tread new ground by creating an exception contrary to the unambiguous jurisdictional requirement under R.C. 2953.21(A) given the combined nature of the clerk of courts as between the common pleas court and the appellate court, this would not be the case. Morton's petition for postconviction relief asserts a single claim of ineffective assistance of counsel based on defense counsel's failure to show the jury a video that was repeatedly referenced at trial. Morton has not explained in his untimely petition how review of the actual video was necessary to prosecuting that ineffective-assistance-of-counsel claim in the direct appeal. *See State v. Cole*, 2 Ohio St.3d 112, 114, 443 N.E.2d 169 (1982) (res judicata precludes relief under a petition for postconviction relief unless the

defendant can demonstrate that the ineffective-assistance-of-counsel claim solely depends on evidence outside of the record).  In *State v. Morton*, 8th Dist. Cuyahoga No. 109200, 2021-Ohio-581, ¶ 12, the assigned errors included a claim of ineffective assistance of counsel relating to the handling of the trial, which could have included his latest claim.  *State v. Lentz*, 70 Ohio St.3d 527, 529, 639 N.E.2d 784 (1994).  He is precluded from raising this claim anew in the petition for postconviction relief since he could have included that argument within his direct appeal.  *See, e.g., State v. Grate*, 164 Ohio St.3d 9, 2020-Ohio-5584, 172 N.E.3d 8, ¶ 147 (overruling defendant's claim that counsel failed to present evidence in the direct appeal of defendant's conviction); *State v. Jones*, 8th Dist. Cuyahoga No. 102260, 2016-Ohio-688, ¶ 25 (overruling ineffective-assistance-of-counsel claim challenging the failure to introduce mitigating evidence in a direct appeal from the conviction).

{¶ 35} There is no need to upend unambiguous jurisdictional limitations based on analysis not subjected to the crucible of advocacy and in a case that has not presented a basis to survive a summary disposition.  For the foregoing reasons, I respectfully dissent.