[Cite as *State v. Johnson*, 2025-Ohio-2691.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,              :

                                 No. 114962

    v.                               :

BOBBY JOHNSON, JR.,                     :

    Defendant-Appellant.             :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 31, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-99-371189-A and CR-99-376601-ZA

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anthony T. Miranda, Assistant Prosecuting Attorney, *for appellee.*

Ohio Justice and Policy Center, Matthew Ahn, and Angela S. Larsen, *for appellant.*

EILEEN T. GALLAGHER, P.J.:

{¶ 1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1. Appellant Bobby Johnson, Jr. ("Johnson") appeals the judgment of the Cuyahoga County Court of Common Pleas dismissing his

motion for relief from duty to register as a violent offender. Johnson's sole assignment of error argues that the trial court erred in its finding that it lacked jurisdiction to hear his motion. After a thorough review of the applicable law and facts, we affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶ 2} Johnson was originally indicted in Cuyahoga C.P. No. CR-99-371189-A ("CR-99-371189"). That case was subsequently dismissed, and the charge was refiled in Cuyahoga C.P. No. CR-99-376601-ZA ("CR-99-376601"). Johnson was ultimately convicted of aggravated murder and was sentenced to life imprisonment without the possibility of parole for 20 years. Johnson's conviction and sentence were affirmed by this court in *State v. Johnson*, 2001 Ohio App. LEXIS 5750 (8th Dist. Dec. 20, 2001).

{¶ 3} After serving approximately 25 years in prison, Johnson was granted parole and was released from prison on January 6, 2025. Because Johnson had been convicted of aggravated murder, he was required to register with Ohio's violent offender database ("VOD") under R.C. 2903.42. Three days before he was released from prison, Johnson moved for relief from his duty to register as a violent offender, pursuant to R.C. 2903.42(A)(2)(b). However, he filed the motion in CR-99-371189, the case that had been dismissed, rather than CR-99-376601, the case in which he was ultimately convicted and sentenced.

{¶ 4} The State opposed Johnson's motion, asserting that the motion had been filed under the wrong case number, thus rendering the trial court without jurisdiction to consider his motion.

{¶ 5} Johnson filed a reply brief, arguing that his motion should be decided on its merits and asking the court to adjust the case number of his filing to reflect the proper case. In support, Johnson cited *State v. Morton*, 2022-Ohio-2358 (8th Dist.), where this court reversed the trial court's decision denying an untimely petition for postconviction relief when the petition had been docketed under the incorrect case number in the court of appeals rather than the trial court.

{¶ 6} The trial court declined to adjust the case number on Johnson's motion and dismissed the motion entirely, finding that it lacked jurisdiction to consider it. The court specifically found that *Morton* was inapplicable, explaining:

> First, Morton erroneously submitted his motion for postconviction relief in the appellate case, that was active and pending at the time of filing. In the instant matter, petitioner filed his motion for relief in a case that had been closed for approximately 25 years.
>
> In addition, Morton sought leave to file in the correct case number almost immediately. While the improperly filed motion was filed on December 23, 2020, Morton promptly sought leave and refiled the petition under the correct case number on December 26, 2020. Here, several weeks passed before Johnson recognized the error and to date, has not refiled his petition in the proper court, Case No. CR 376601.
>
> Most distinguishing though is that Johnson's petition only contained the court and case information for Case No. CR 371189 and was clearly meant to be filed in that court. In light of this fact, there is no reasonable argument that the clerk erred or should have rejected Johnson's filing as intended for another case or court as was the case in *Morton*. Therefore, this court is unable to find that a mistake was made

in the electronic filing of Johnson's Petition and declines to apply the exception set forth in *Morton*.

It is well settled that filing requirements, such as those provided in R.C. 2903.42 and 2953.21, are jurisdictional and thus, filing jurisdictional documents in the wrong court does not preserve the claim. *See Morton*, at [¶] 33 (dissenting opinion), citing *Nibert v. Ohio Dept. Of Rehab. & Corr.*, 84 Ohio St.3d 100, syllabus; *Hartsock v. Chrysler Corp.*, 44 Ohio St.3d 171, 174 (1989); *Kimble Clay & Limestone v. McAvoy*, 59 Ohio St.2d 94, 99 (1979), citing *Am. Restaurant & Lunch Co. v. Glander*, 147 Ohio St. 147, 150 (1946); *Orr v. Harris*, 2018-Ohio-4798, [¶] 8 (8th Dist.).

{¶ 7} Johnson then filed the instant appeal, arguing that the trial court erred in dismissing his petition for lack of jurisdiction.

## II. Law and Analysis

{¶ 8} Sierah's Law created a statewide VOD that requires those convicted of certain specified offenses to enroll in a registry that will allow law enforcement to track their whereabouts for ten years following their release from confinement. Violent offenders with VOD-registration obligations must appear in person at the local county sheriff's office to enroll in the database within ten days following their release from prison or after receiving notice at the sentencing hearing if the offender is not sentenced to prison. R.C. 2903.43. Thereafter, the offender must reregister annually for ten years. *Id.*

{¶ 9} Ohio's VOD statutes allow a person classified as a violent offender to file a motion seeking to rebut the presumption that the person must enroll in the database. *See generally* R.C. 2903.42. R.C. 2903.42(A)(2)(b), which is applicable to Johnson, states in relevant part:

A violent offender who wishes to rebut the presumption [of enrollment] shall file a motion in accordance with [the following] . . . :

[T]he offender *shall file the motion with the court that sentenced the offender for the offense that classifies the person a violent offender.* The motion shall assert that the offender was not the principal offender in the commission of that offense and request that the court not require the offender to enroll in the violent offender database and not have all VOD duties with respect to that offense. The motion shall be filed prior to the time of the person's release from confinement in the jail, workhouse, state correctional institution, or other institution under the prison term, term of imprisonment, or other term of confinement for the offense . . . .

(Emphasis added.)

{¶ 10} Johnson argues that the trial court misapplied *Morton* and asserts that, like the filing in *Morton*, his motion was timely filed with the clerk of courts using the electronic filing system. He further maintains that there was no prejudice to the State, who received the filing and submitted a responsive brief.

{¶ 11} The relevant facts of *Morton* are as follows:

[W]hile his direct appeal was pending, Morton electronically filed a petition for postconviction relief . . . . The petition was captioned for the criminal case in the Cuyahoga County Court of Common Pleas, i.e., Cuyahoga C.P. Case No. CR-19-636658-A (the "criminal case" or "CR-19-636658-A") and was submitted for electronic filing ("e-filing"), accepted for filing but was docketed under the case number for the pending appeal in this court — Appeal No. 109200, not the case number reflected in the caption. The state received a service copy [of the] petition on December 23, 2020, through the court's e-filing system.

*Morton* at ¶ 3-4.

{¶ 12} Morton was advised of the docketing error. He then sought leave to file his petition on the correct docket and contemporaneously refiled the petition.

The State moved to dismiss the refiled petition, arguing, in part, that it was untimely. The trial court summarily denied the petition.

{¶ 13} On appeal, the *Morton* panel noted that the timeliness requirement under the postconviction relief statute was jurisdictional. The court determined that "under the unique facts and circumstances of [the] case," the petition was timely filed. *Id.* at ¶ 20. The court noted that, upon being notified of the error, Morton "promptly sought leave and refiled the petition under the correct case number in the trial court. . . ." *Id.* at ¶ 22. The court determined that "even though the petition was initially submitted for e-filing and docketed under the wrong case number in the wrong court, we find Morton's petition was timely filed with the clerk of courts for purposes of R.C. 2953.21(A) and that the trial court had jurisdiction to consider his petition." *Id.*

{¶ 14} Like the trial court, we find *Morton* distinguishable from the instant case. In *Morton*, the caption of the filed petition was correct, but the petition was docketed under the wrong case number when Morton's counsel filed it in the court's electronic filing system. Here, the caption of Johnson's motion contained the case number of the dismissed case, *and* the motion was docketed in the dismissed case. Moreover, the *Morton* Court noted that its finding was based upon "the unique facts and circumstances of [that] case." As the facts in the instant matter are different, *Morton* does not apply.

{¶ 15} Moreover, *Morton* must be narrowly construed in light of the analysis of the term "sentencing court" in *State v. Kennedy*, 2024-Ohio-5728, ¶ 19. A

"'sentencing court' is the court that imposed the sentence *in the case . . .* " at issue. (Emphasis added.)  *Id.* at ¶ 19.  Any continuing impact of *Morton* must be questioned in light of the fact that no case law interpreting the phrase "sentencing court" or "the court that sentenced the offender" existed at the time.  *Morton* at ¶ 19 (recognizing that neither party presented authority to address whether a petition for postconviction relief filed in the appellate court constituted "in the court that imposed sentence").  Since *Kennedy*, that is no longer the case.

{¶ 16} In *Kennedy*, the defendant pleaded guilty to several offenses in three separate cases, two of which were jointly handled by the same trial judge.  *Id.* at ¶ 2. In those two cases, the defendant filed separate motions for judicial release, claiming to have served the minimum required term of the aggregate term as between cases. *Id.* at ¶ 3.  In order to be eligible for judicial release, an offender is required to demonstrate that he or she is serving a stated prison term, which is defined as "'the prison term, mandatory prison term, or combination of all prison terms and mandatory prison terms *imposed by the sentencing court.*'" (Emphasis added.)  *Id.* at ¶ 7, quoting R.C. 2929.01(FF)(1).

{¶ 17} It was in this context that the *Kennedy* Court rejected the State's argument that, because the same judge had presided over two of the defendant's three cases, "there [we]re two sentencing courts in [the] three cases," finding that such an interpretation was contrary to the plain and ordinary meaning of the term "sentencing court." *Id.* at ¶ 19. While noting that "sentencing court" was not defined in the statute, the Court determined that a "sentencing court" is "the court that

imposed the sentence for which the offender is seeking judicial release." *Id.* at ¶ 7. Consequently, the term "sentencing court" refers to each individual case, regardless of whether the same trial judge was involved. *Id.* at ¶ 19.

{¶ 18} Returning to the instant matter, R.C. 2903.42(A)(2)(b) requires a defendant to "file the motion *with the court that sentenced the offender* for the offense that classifies the person a violent offender." (Emphasis added.) We find that "the court that sentenced the offender" is simply a variation of the term "sentencing court," and therefore, the *Kennedy* analysis applies.

{¶ 19} For this reason, when a statute requires an individual to file a petition or motion to invoke the continuing jurisdiction of the "court that sentenced" him or her, that document must be filed in the applicable case number to satisfy the jurisdictional prerequisites. It cannot be filed elsewhere.

{¶ 20} Here, the State had voluntarily dismissed CR-99-371189 in 1999. Under Crim.R. 48(A), "[t]he [S]tate may by leave of court and in open court file an entry of dismissal of an indictment, information, or complaint and the prosecution shall thereupon terminate." "When a criminal case is voluntarily dismissed, it is terminated; i.e., 'done, finished, over, kaput.'" *Gates Mills v. Yomtovian*, 2007-Ohio-6303, ¶ 22 (8th Dist.), quoting *State ex rel. Flynt v. Dinkelacker*, 2004-Ohio-1695, ¶ 23 (1st Dist.).

{¶ 21} Johnson's motion was filed in a dismissed case. Consequently, his motion is considered a nullity. *See State v. West*, 2018-Ohio-4981, ¶ 6 (4th Dist.).

Because CR-99-371189 had been dismissed and cannot be reinstated, the trial court lacked jurisdiction to consider Johnson's motion as filed in the dismissed case.

{¶ 22} After the State raised the issue of the incorrect case number in its brief opposing the motion for relief, Johnson filed a reply brief. In his reply, Johnson acknowledged that the motion had been filed under the incorrect case number and moved the court to "adjust" the case number so the motion could be deemed filed under CR-99-376601, which the court declined to do. The State contends that there is "no legal authority to 'adjust a case number.'"

{¶ 23} By the time Johnson acknowledged his mistake in his reply brief and sought to have the case number changed, his motion could no longer be timely filed under the statute. The statute requires that the motion be filed *prior to* a defendant's release from confinement. Here, Johnson's reply brief was filed on January 16, 2025, while Johnson had already been released from prison on January 6, 2025. Consequently, at the point that Johnson acknowledged his mistake and attempted to have the motion filed under the proper case number, the motion was untimely.

{¶ 24} Without the proper invocation of the court's continuing jurisdiction in CR-99-376601, the court lacked authority to do anything but deny the motion in that case. The trial court could not assert authority by simply "adjusting" the motion to the correct docket. *See State ex rel. McGinty v. Eighth Dist. Court of Appeals*, 2015-Ohio-937, ¶ 13 (a court that lacks jurisdiction over a matter lacks authority to exercise judicial power).

{¶ 25} The trial court therefore did not err in finding that it lacked jurisdiction to consider the motion, and Johnson's sole assignment of error is overruled.

{¶ 26} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN T. GALLAGHER, PRESIDING JUDGE

SEAN C. GALLAGHER, J., CONCURS;
MICHAEL JOHN RYAN, J., DISSENTS (WITH SEPARATE OPINION)

MICHAEL JOHN RYAN, J., DISSENTING:

{¶ 27} Respectfully, I dissent and would reverse the trial court's judgment dismissing Johnson's motion for relief from duty to register as a violent offender and remand to the trial court for further proceedings.

{¶ 28} Johnson's original indictment, filed in January 1999, was dismissed in March 1999, refiled in a new case in June 1999, and assigned to the same trial court judge as the original indictment. The judgment of conviction in the new case was rendered in September 1999.

{¶ 29} On January 3, 2025, days prior to being released from prison on parole, counsel for Johnson filed a motion for relief from duty to register as a violent offender; the attorney filed it under the case number of the dismissed case, however. The mistake was called to the defense's attention by the State's brief in opposition filed on January 14, 2025. On January 16, 2025, counsel for Johnson filed a reply to the State's opposition and sought to adjust the case number of its motion. Johnson relied on this court's decision in *State v. Morton*, 2022-Ohio-2358 (8th Dist.), in support of its request that the motion not be dismissed per the State's request but, rather, for the trial court to adjust the case number. The trial court dismissed Johnson's motion for relief on the ground that because he filed it under the wrong case number it was without jurisdiction to consider it.

{¶ 30} R.C. 2903.42(A)(2)(b), the statute under which Johnson filed his motion for relief from duty to register as a violent offender, required him to "file the motion with the court that sentenced" him. The State maintains that, because he had the wrong case number on his motion, Johnson failed to file it in the court that sentenced him. I disagree. Johnson did file his motion with the court that sentenced him — the Cuyahoga County Court of Common Pleas — on the docket of the same trial court judge of the original case.

{¶ 31} In *Morton*, which Johnson relied on in support of his request to adjust the case number of his motion, this court considered the issue of whether a petition for postconviction relief was timely filed when it was initially (and with time to do so) filed in the wrong court. Specifically, the defendant filed his petition, which was

captioned for the trial court and had the correct trial court case number, in this appellate court (he had a direct appeal pending) rather than in the trial court. Three days after the filing, the defendant, after being notified by the clerk of courts of his mistake, requested leave to file the petition in the trial court and contemporaneously electronically refiled it in the trial court; at that time, the time to file a timely petition had expired. The State opposed the defendant's petition, stating that the subsequent filing of it in the trial court made it untimely and therefore it should be dismissed. The trial court granted the defendant's motion for leave. The trial court summarily denied the defendant's petition.

{¶ 32} On appeal, this court found that, "under the unique facts and circumstances of this case, Morton's petition for postconviction relief was timely filed and the trial court, therefore, had jurisdiction to consider his petition." *Morton*, 2022-Ohio-2358, at ¶ 20 (8th Dist.). I believe this case, like *Morton*, presents "unique facts and circumstances."

{¶ 33} However, the trial court distinguished *Morton*, first stating that the defendant in *Morton* filed his petition in an active case, while Johnson filed his motion "in a case that had been closed for approximately 25 years." February 28, 2025 judgment. Both of Johnson's cases — the originally indicted case and the refiled case with the judgment of conviction — had been closed for approximately 25 years, however. Therefore, I do not find the trial court's first purported distinction to be a real one.

{¶ 34} Second, the trial court found that the defendant in *Morton* acted "almost immediately," while "several weeks passed before Johnson recognized the error and to date, has not refiled his [motion] in the proper court . . . ." February 28, 2025 judgment. Again, I do not find this case to be distinguishable from *Morton* in regard to the timing of the defendants' action to correct course. In *Morton*, the defendant sought to correct his error three days after he was notified by the clerk of courts of his error. *See Morton* at ¶ 5. Here, Johnson filed his request to adjust the case number *two days* after being notified by the State (through its brief in opposition) of his error, which was less than two weeks from when he originally filed his motion for relief. The bottom line is that both defendants were alerted of their errors (they did not find them on their own) and took what I would consider to be immediate action to correct course.

{¶ 35} Regarding Johnson not refiling his motion in the "proper court," he did file in the proper court and on the docket of the same trial court judge who handled the dismissed case. And obviously his request to "adjust the case number" was so that he would not have to refile the motion and it could be deemed timely filed. I would find that Johnson's request was reasonable and in the spirit of Crim.R. 36, which provides that "[c]lerical mistakes in judgments, orders, *or other parts of the record, and errors in the record arising from oversight* or omission, may be corrected by the court at any time." (Emphasis added.)

{¶ 36} I also disagree with the trial court's opinion that the "most distinguishing" factor between this case and *Morton* is that Johnson's motion "only

contained the court and case information for [the dismissed case] and was clearly meant to be filed in that court." The trial court reasoned that "there is no reasonable argument that the clerk erred or should have rejected Johnson's filing as intended for another case or court as was the case in *Morton*."

{¶ 37} First, the trial court deemed "court" and "case number" as interchangeable. They are not the same thing. Court is the tribunal with authority to preside over a case, while the case number identifies a particular case before a court. Johnson filed in the correct court — the Cuyahoga County Court of Common Pleas — and even on the correct trial judge's docket; he merely had the wrong case number. This case, in my opinion, presents an even stronger argument for correction than that in *Morton*, where the defendant filed his petition in the wrong court — a court without jurisdiction to rule on a petition for postconviction relief.

{¶ 38} Second, as to any argument that the clerk of courts had a responsibility to reject either defendants' filing, I would think it would have been greater in *Morton*, where all the pertinent information (case number and caption) indicated that it should have been filed in the trial court, not the appellate court. Here, both of Johnson's cases had been closed for years and I am not sure that we require the clerk's office to comb through records with the level of detail that the trial court seems to think they should when accepting filings.

{¶ 39} I am not persuaded by the majority's reliance on *State v. Kennedy*, 2024-Ohio-5728. In *Kennedy*, the defendant was indicted, pled guilty, and sentenced on *three completely different cases* (not refiled cases after dismissal of

the originally indicted cases). Two of the cases were handled by the same judge and one case was handled by a different judge. The sentences in the cases involved the imposition of the base time on two of the cases being ordered to be served consecutively to the base time on another case.

{¶ 40} After serving a period of time, the defendant filed motions for judicial release in each of the three cases. At issue in the appeal was whether the defendant had served the requisite period of time to be eligible for judicial release. It was the State's position that the defendant's "eligibility for judicial release should be separately determined by 'two sentencing courts,' the one that imposed her sentence in [the one case before that judge] and the one that imposed her sentence in [the two cases before that judge]." *Id.* at ¶ 3.

{¶ 41} The trial court judge who oversaw the one case denied the motion for judicial release as to that case. The trial court judge who handled two cases granted the motion for judicial release as to those two cases, reasoning that the defendant was an eligible offender because the sentences in those two cases were the "sentence of a single 'sentencing court.'" *Id.* at ¶ 4, quoting R.C. 2929.20(C).

{¶ 42} The State appealed the judgments granting the defendant's motions for judicial release, the court of appeals affirmed the trial court's decision,[1] and the Supreme Court of Ohio accepted the State's discretionary appeal on the following proposition of law: "Judicial-release eligibility is determined separately for each

---

[1] *State v. Kennedy*, 2023-Ohio-3078 (10th Dist.).

stated prison term, and a sentencing court can grant judicial release only on the stated prison term imposed by that court." *Id.* at ¶ 5.

{¶ 43} In its analysis of the proposition of law, the Supreme Court of Ohio stated that the meaning of "stated prison term" depended on the meaning of "sentencing court." *Id.* at ¶ 19. The Court recognized that there is no statutory definition of "sentencing court," but based on the plain and ordinary meaning of the words concluded that "a 'sentencing court' is the court that imposed the sentence in the case for which the offender has moved for judicial release." *Id.* Thus, because both of the two cases at issue had its own stated prison term, the Supreme Court of Ohio held that the cases "must be treated separately when calculating whether Kennedy has waited the required time to file for judicial release." *Id.* The Court noted that separate treatment was appropriate especially "given that the sentence in [one case] includes a mandatory one-year prison term for a firearm specification and may be subject to a waiting period different from the waiting period required for the sentence imposed in [the other case], which did not contain a firearm specification." *Id.*

{¶ 44} I believe *Kennedy* is wholly distinguishable from the issue presented here. The salient issue here is whether the trial court had jurisdiction to entertain Johnson's motion for relief from registration as a violent offender. Although I recognize that a case may be relied on to support a sub-issue of a main issue, I note that the word jurisdiction does not appear even once in the *Kennedy* decision. To the extent that any of the *Kennedy* decision can be applied here, I believe it would

inure to Johnson's benefit. Specifically, as the *Kennedy* Court stated, the "'sentencing court' is the court that imposed the sentence in the case for which the offender has moved for," in this case, relief from duty to register as a violent offender. *Id.* For the reasons already discussed, I believe Johnson filed his motion with the sentencing court. I do not believe *Kennedy* waters down *Morton*, 2022-Ohio-2358 (8th Dist.), as suggested by the majority.

{¶ 45} Thus, in light of all of the above and relying on the age-old principle that cases are best decided on their merits, I respectfully dissent.